**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

v.

JESSIE CON-UI,

    Defendant.

No. 3:13-CR-123
(JUDGE CAPUTO)

## ORDER

**NOW**, this 1st day of March, 2017, **IT IS HEREBY ORDERED** that:

(1)    Mr. Con-ui's Motion *in Limine* to Exclude the Presentation of the "Video-tape of the Murder," Photographs of Blood-stained Keys and Clothing, and Post-mortem Photographs of the Victim's Body (Doc. 922, at 36), and Mr. Con-ui's Motion *in Limine* to "Limit the Evidence on the Statutory Aggravating Factor That the Murder of Officer Williams was Especially Heinous, Cruel and Depraved" (Doc. 922, at 52) are **GRANTED** in part and **DENIED** in part, in that:

    A.    The government will be **PERMITTED** to show the video in its case-in-chief at the guilt phase only. The jurors will not be allowed to view the video again during their deliberations at either stage as the video will not be taken to the jury room. The government will be permitted to edit the existing videos, which represent different angles of the incident, into one continuous, single-screen, video. The government may not enhance the video in any way, zoom in, or add any modifications except for arranging the sequence of the videos capturing different angles into one linear video.

    B.    The government will be **PERMITTED** to show five (5) stills from the video ("screen shots") only at the penalty phase, if any.

    C.    The government will be **PERMITTED** to show five (5) autopsy photographs only at the penalty phase, if any. The government may not show any photographs of the victim's exposed skull with peeled off skin. The government will be permitted to select the five (5) photographs for the presentation at the penalty phase only from the twenty-four (24) photographs listed in the Informational Outline.

    D.    The government will be **PERMITTED** to show one (1) photograph of the crime scene only at the penalty phase, if any.

    E.    The government will be **PERMITTED** to show a close-up photograph of the victim's face immediately following the attack.

    F.    The government will be **PERMITTED** to show photographs of Mr. Con-ui's bloody clothing in its case-in-chief at the guilt phase only to the extent that the photographs help link Mr. Con-ui to the crime charged because they were found in Mr. Con-ui's cell after the incident and have been positively tested for the victim's DNA.

    G.    The government will **NOT** be **PERMITTED** to show photographs of the victim's bloody clothing and the keys he was carrying.

(2) Mr. Con-ui's Motion *in Limine* to Limit Victim-Impact Evidence to Members of the Victim's Family (Doc. 922, at 73) is **DENIED**.

(3) Mr. Con-ui's Motion *in Limine* to Exclude any Evidence That Is Not Particularly Relevant to One or More of the Statutory and Non-statutory Factors Alleged in the Amended Notice of Intent to Seek the Death Penalty (Doc. 922, at 42) is **NOTED**.

(4) Mr. Con-ui's Motion *in Limine* to Limit Proof of the Aggravating Factors Only to Those Facts Necessary to Establish a Conviction (Doc. 922, at 43) is **DENIED**. The government shall submit to the Court, prior to the commencement of the penalty phase, if any, a particularized proffer of all evidence the government intends to present to establish the aggravating

factors related to convictions. The proffer shall be filed under seal for an *in camera* review.

(5) Mr. Con-ui's Motion *in Limine* to Bar Duplicative Use of Certain of the Aggravating Factors and Evidence (Doc. 922, at 47) is **DENIED**.

(6) Mr. Con-ui's Motion *in Limine* to Limit or Exclude Evidence Related to Mr. Con-ui's Alleged Participation in Additional Uncharged Acts of Serious Violence and Attempted Acts of Serious Violence (Doc. 922, at 52) is **GRANTED** in part and **DENIED** in part, in that:

   A. "The defendant's involvement in a plan to attack other inmates at ASPC Winslow in September-October 1999" (Doc. 883, at ¶ 14) is **NOT STRICKEN**, but the proposed testimony is **PRECLUDED**.

   B. "The defendant's assault of another inmate with a metal food tray on June 2, 2000, at ASPC Winslow" (Doc. 883, at ¶ 20) is **NOT STRICKEN**, but the proposed testimony is **PRECLUDED**.

   C. "The defendant agreed to participate in the murder of others, including a law enforcement officer in May-June 2003 in Phoenix, Arizona" (Doc. 883, at ¶ 26) is **DEFERRED**. The government shall submit to the Court, prior to the commencement of the penalty phase, if any, a particularized proffer of all evidence the government intends to present to establish this incident. The proffer shall be filed under seal for an *in camera* review.

   D. "The defendant's threat to harm a federal corrections officer on October 23, 2009 at USP Victorville" (Doc. 883, at ¶ 31) is **NOT STRICKEN**. The proposed testimony by Officer Jams Cobos is **PERMITTED**. However, because Officer Cobos cannot testify to the operation of Mr. Con-ui's mind, he is not allowed to express his opinion as to whether Mr. Con-ui "meant the threat."

   E. "The defendant's assault with a weapon on another inmate on

>   November 21, 2010, at USP Pollock" (Doc. 883, at ¶ 34) is **NOT STRICKEN**. However, testimony of any eyewitnesses, to the extent that they testify to the content of the video of the assault or narrate or corroborate the events visible in the video, is **PRECLUDED**. Moreover, only one photograph of the weapon used in the assault and only one photograph of the injuries suffered by the victim is **PERMITTED**.
>
> F.   Mr. Con-ui's threat to harm a corrections officer at ADX on July 6, 2016 (Doc. 922, at 53, 67-69) is **STRICKEN**.
>
> G.   The Remaining Incidents Alleged in the Informational Outline. (Doc. 883, at ¶¶ 24, 25) are **DEFERRED**. The government shall submit to the Court, prior to the commencement of the penalty phase, if any, a particularized proffer of all evidence the government intends to present to establish the remaining incidents alleged in the informational outline. The proffer shall be filed under seal for an *in camera* review.
>
> H.   Under a protective order, the government shall provide Mr. Con-ui with an unredacted version of the prison documents pertaining to the above-listed incidents.

(7)   Mr. Con-ui's Request for a Reliability Hearing (Doc. 922, at 20) is **DENIED**.

(8)   Mr. Con-ui's Motion *in Limine* to Exclude From All Phases of the Penalty Case Evidence That Does Not Meet the Standards of *Crawford v. Washington*, 541 U.S. 36 (2004). (Doc. 922, at 25) is **GRANTED** in part and **DENIED** in part, in that:

>   A.   The Confrontation Clause is **APPLICABLE** at the eligibility phase of the penalty stage; and
>
>   B.   The Confrontation Clause is **INAPPLICABLE** at the selection phase of the penalty stage.

(9)   Mr. Con-ui's Supplemental Motion *in Limine* to Exclude Numerous Recently-Provided Photographs Related to the Murder and Firearms Convictions

      Alleged in the Notice of Aggravating Factors (Doc. 934) is **DEFERRED**. Consistent with my disposition of Mr. Con-ui's Motion *in Limine* to Limit Proof of the Aggravating Factors Only to Those Facts Necessary to Establish a Conviction (¶ (4) of this Order), the government shall submit to the Court, prior to the commencement of the penalty phase, if any, a particularized proffer of all evidence the government intends to present to establish the aggravating factors related to convictions. The proffer shall be filed under seal for *an in camera* review.

(10) Mr. Con-ui's Second Supplemental Motion *in Limine* to "Exclude Numerous Recently-Provided Autopsy Photographs, an Enhanced Version the Video of the Murder, Still Photographs of the Murder from the Video, and a Sentencing Memorandum by the State Prosecutor in Mr. Con-ui's Arizona Murder Conviction" (Doc. 950) is **DENIED in part**, **GRANTED in part**, and **DEFERRED in part**, in that:

    A.    Mr. Con-ui's request to exclude an enhanced version of the video is subsumed under the disposition of Mr. Con-ui's Motion *in Limine* to Exclude the Presentation of the "Video-tape of the Murder," Photographs of Blood-stained Keys and Clothing, and Post-mortem Photographs of the Victim's Body (¶ (1) of this Order), where I barred the government from enhancing the video. Thus, the request is **GRANTED.**

    B.    Mr. Con-ui's request to exclude still images from the video is subsumed under the disposition of Mr. Con-ui's Motion *in Limine* to Exclude the Presentation of the "Video-tape of the Murder," Photographs of Blood-stained Keys and Clothing, and Post-mortem Photographs of the Victim's Body (¶ (1) of this Order), where I allowed the presentation of five (5) still images at the penalty phase, if any. Thus, the request is **DENIED**.

  C. Mr. Con-ui's request to exclude the presentation of additional autopsy images is subsumed under the disposition of Mr. Con-ui's Motion *in Limine* to Exclude the Presentation of the "Video-tape of the Murder," Photographs of Blood-stained Keys and Clothing, and Post-mortem Photographs of the Victim's Body (¶ (1) of this Order), where I allowed the presentation of only five (5) autopsy photographs at the penalty phase, if any. Thus, the request is **GRANTED** to the extent that the government is permitted to select the five autopsy photographs for the presentation at the penalty phase only from the twenty-four (24) photographs listed in the Informational Outline, not from the newly discovered additional eighty-five (85) autopsy photographs.

  D. Mr. Con-ui's request to preclude the presentation of a prosecution memorandum in Mr. Con-ui's 2008 murder conviction is **DEFERRED**, consistent with my disposition of Mr. Con-ui's Motion *in Limine* to Limit Proof of the Aggravating Factors Only to Those Facts Necessary to Establish a Conviction (¶ (4) of this Order).

(11) Mr. Con-ui's request for an Amended Informational Outline (Doc. 922, at 12) is **DENIED**.

            /s/ A. Richard Caputo
            A. Richard Caputo
            United States District Judge