**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

v.

JESSIE CON-UI,

    Defendant.

No. 3:13-CR-123

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the government's Motion to Preclude Unsworn Allocution by the Defendant (Doc. 916). For the reasons that follow, I will deny the motion. I will, however, impose a set of restrictions on Defendant Jessie Con-ui's ("Defendant") allocution.

## ANALYSIS

The government asks the Court to preclude Defendant's allocution, an unsworn and un-cross-examined statement to the jury offered at the penalty phase of the trial, to "ask for mercy, explain his conduct, apologize for the crime, or say anything else in an effort to lessen the impending sentence." *United States v. Jackson*, 549 F.3d 963, 980 n. 22 (5th Cir. 2008). The government argues that such a statement would be impermissible because Defendant does not have a constitutional or statutory right to allocution.

The government is correct to point out that there is no constitutional or statutory right to allocution. Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) requires that "[b]efore imposing sentence," the district court must "permit the defendant to speak or present any information to mitigate the sentence." The district court may satisfy this Rule by allowing a defendant to speak "before imposing sentence." *United States v. Hall,* 152 F.3d 381, 392 (5th Cir. 1998). Although such an allocution cannot mitigate a sentence in a capital case because it follows the jury's recommendation of the death penalty, *see* 18 U.S.C. § 3594, nowhere does Rule 32 grant a defendant a right to allocution before a jury; Rule 32 speaks only of "the court." *See Hall*, 152 F.3d at 393. As for the Federal Death Penalty Act ("FDPA"), it also does not mention an explicit right to allocution. *See United States v. Purkey*, 428 F.3d 738, 761 (8th Cir. 2005); *see also United States v. Wilson*, 493 F. Supp.

2d 515, 517 (E.D.N.Y. 2007) (finding that a capital defendant did not have "a constitutional right to allocute to his remorse").

That does not mean, however, that allocution is impermissible. The FDPA provides that "information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials [unless] its probative value is outweighed by" the danger of unfair prejudice, misleading the jury, or confusing the issues. 18 U.S.C. § 3593(c). "Further, although the FDPA does not mention allocution, the probative value of the sound of the defendant's own voice, explaining his conduct and subsequent remorse in his own words, as information relevant to mitigation, can hardly be gainsaid." *United States v. Lawrence*, 735 F.3d 385, 408 (6th Cir. 2013). Evidence such as allocution, even if not mandated, may therefore be permissible under the FDPA. *See United States v. Henderson*, 485 F. Supp.2d 831, 845 (S.D. Ohio 2007) (permitting limited opportunities for capital defendants to provide unsworn allocution in a capital case); *Wilson*, 493 F. Supp. 2d at 517-18 (same); *see also United States v. Caro*, 597 F.3d 608, 635 n.24 (4th Cir. 2010) ("[T]he decision of whether to allow the allocution fell within the district court's discretion."); *Hall*, 152 F.3d at 397 n.8 (acknowledging that a district court has the discretion to admit an unsworn, un-crossexamined statement of remorse by a capital defendant); *Lawrence*, 735 F.3d at 406-08 (same). Thus, although the "right" to give such a statement may not be statutorily or constitutionally mandated, there is nevertheless room for such evidence within the permissive confines of the FDPA. Indeed, allowing allocution "to mitigate the sentence" only before the court, which has no discretion and is obliged to impose sentence in accordance with the jury's recommendation in a capital case, would seem to be an "empty formality." *Wilson*, 493 F.Supp.2d at 511; *Henderson*, 485 F.Supp.2d at 846. Because Rule 32(i)(4)(A)(ii) permits both capital and non-capital defendants to allocute to a judge prior to sentencing, and because in this case it is the jury and not the judge who will determine Defendant's sentence, it would be appropriate to allow Defendant to allocute to the sentencer, which, in this case, is the jury.

All courts to confront the issue and permit allocution have done so pursuant to

various conditions deemed necessary to avoid running afoul of the balancing test governing the admission of information under the FDPA. *See* § 3593(c) (requiring that probative value be weighed against "the danger of creating unfair prejudice, confusing the issues, or misleading the jury"). Such conditions have included instructions to the jury regarding the nature of allocution, limitations on the timing of allocution and the defendant's positioning in the courtroom, and advance notice to the court and the government about whether the defendant will allocute and what he intends to say. *See, e.g., Wilson*, 493 F. Supp. 2d at 511 (imposing five conditions, including advance notice, a restriction on the content of the allocution, and a requirement that the defendant remain at the defense table); *Chong*, 104 F. Supp. 2d at 1234 (requiring "an appropriate limiting instruction").

Thus, I will limit Defendant's allocution in the following ways: (1) Defendant may not address, *via* allocution, any arguments raised by the Assistant United States Attorneys prosecuting this case; the testimony of any witnesses in this case, including members of the victim's family and friends; or any other evidentiary issues; and (2) Defendant will present his statements to the jury from the defense table.

## **CONCLUSION**

Based on the above, the government's Motion to Preclude Unsworn Allocution by the Defendant (Doc. 916) will be denied. Defendant, however, will be ordered to abide by the conditions enumerated in this memorandum and the accompanying order.

An appropriate order follows.


April 18, 2017 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

3