**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:13-CR-123 |
| JESSIE CON-UI, | (JUDGE CAPUTO) |
| Defendant. | |

## **MEMORANDUM**

Presently before me is the government's Motion *in Limine* to Preclude Execution Impact Evidence (Doc. 919). For the reasons that follow, the motion will be denied.

### **I. Analysis**

The government asks me to preclude Defendant from introducing evidence relating to the effect that his execution would have on his family, friends, and other loved ones. This category of mitigating evidence is often referred to as "execution impact evidence." *See, e.g., United States v. Taylor*, 583 F. Supp. 2d 923, 944 (E.D. Tenn. 2008).

The government argues that execution impact testimony does not constitute relevant mitigating evidence under 18 U.S.C. § 3592(a) and its eight factors,[1] because proper

---

[1] 18 U.S.C § 3592 states, in part:
> (a) Mitigating Factors.—In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider any mitigating factor, including the following:
>> (1) Impaired capacity.—The defendant's capacity to appreciate the wrongfulness of the defendant's conduct or to conform conduct to the requirements of law was significantly impaired, regardless of whether the capacity was so impaired as to constitute a defense to the charge.
>> (2) Duress.—The defendant was under unusual and substantial duress, regardless of whether the duress was of such a degree as to constitute a defense to the charge.
>> (3) Minor participation.—The defendant is punishable as a principal in the offense, which was committed by another, but the defendant's participation was relatively minor, regardless of whether the participation was so minor as to constitute a defense to the charge.
>> (4) Equally culpable defendants.—Another defendant or defendants, equally culpable in the crime, will not be punished by death.
>> (5) No prior criminal record.—The defendant did not have a significant prior

mitigating impact evidence must be related to the defendant's background, character, or record, or the circumstances of his offense. (Doc. 919, at 6-10). According to the government, testimony that Defendant's family and friends love him, that a death verdict would have a negative impact on them, their own personal views about the death penalty, their opinion regarding the sentence that should be imposed in this case, or any general plea for sympathy or mercy are not relevant to Defendant's character or his personal culpability for the charged murders and should be precluded. *Id.* Defendant argues, however, that "evidence that those close to a capital defendant will be adversely affected by his execution speaks volumes to the character of the defendant because he remains a loving brother, father, and friend to others." (Doc. 933, at 18-19).

While the Federal Death Penalty Act ("FDPA") specifically provides for "victim impact" evidence, 18 U.S.C. § 3593(a), there is no parallel provision allowing for execution impact testimony. Section 3592(a)(8) states only that, in determining whether to impose a sentence of death, a finder of fact "shall consider any mitigation factor, including: ... [o]ther factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence." *See also Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954 (1978) (plurality opinion) (holding that constitutionally relevant mitigating evidence consists of "any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death"). Thus, as the Supreme Court has held, "[a] capital defendant is entitled to submit any relevant mitigating evidence in support of a sentence less than death." *Payne v. Tennessee*, 501 U.S. 808, 822, 111 S.Ct. 2597 (1991).

---

history of other criminal conduct.
(6) Disturbance.—The defendant committed the offense under severe mental or emotional disturbance.
(7) Victim's consent.—The victim consented to the criminal conduct that resulted in the victim's death.
(8) Other factors.—Other factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence.

Although no federal case requires the admission of execution impact testimony, *see Stenson v. Lambert*, 504 F.3d 873, 892 (9th Cir. 2007), nearly all courts to address the issue have concluded that a defendant may offer third-party impact evidence so long as it relates to the defendant's background, record, or character. Notably, execution impact testimony was permitted in all three federal capital trials held in the Middle District of Pennsylvania. (Doc. 933, at 19-20). In addition, Defendant cites to over fifty cases where execution impact evidence was submitted to a federal capital jury. (Doc. 933-1, *Decl. of Kevin McNally Regarding Execution Impact Testimony*). Even the Third Circuit has tacitly approved of such testimony. *See Marshall v. Cather*, 428 F. 3d 452, 470 (3d Cir. 2005).

Execution impact evidence is comparable in some aspects to victim impact evidence, although only the latter is explicitly permitted under the FDPA and Supreme Court precedent. As Defendant points out, "[execution impact testimony] is the reverse side of 'victim-impact' evidence, a category of evidence the government intends to introduce in this case." (Doc. 933, at 18). The purpose of the two, however, is distinguishable. Because victim impact evidence relates to the harm caused by a defendant, the Supreme Court has held that it is relevant to the jury's assessment of "the defendant's moral culpability and blameworthiness." *Payne*, 501 U.S. at 825. On the other hand, evidence that those close to a capital defendant will be adversely affected by his execution may shed some light on the defendant's character, illustrating that he is capable of creating and maintaining meaningful interpersonal relationships with others, and thus, potentially mitigating against the imposition of the death penalty.

Nevertheless, because the Supreme Court has imposed significant restrictions on victim impact testimony, I believe that it is only fair that such limitations be equally imposed on the defense witnesses' impact testimony.

The Supreme Court has ruled that the Eighth Amendment "permits capital sentencing juries to consider evidence relating to the victim's personal characteristics and the emotional impact of the murder on the victim's family in deciding whether an eligible defendant should receive a death sentence." *Jones v. United States*, 527 U.S. 373, 395,

3

119 S.Ct. 2090 (1999) (citing *Payne v. Tennessee*, 501 U.S. 808, 827, 111 S.Ct. 2597 (1991)). However, as *Bosse v. Oklahoma* recently reaffirmed, the admission of "characterizations and opinions about the crime, the defendant, and the appropriate sentence violates the Eighth Amendment[.]" 137 S. Ct. 1, 2, 196 L. Ed. 2d 1 (2016) (quoting *Payne*, 501 U.S. at 830 n.2). The reason for limiting such testimony is that "any decision to impose the death sentence must be, and appear to be, based on reason rather than caprice or emotion. The admission of these emotionally charged opinions as to what conclusions the jury should draw from the evidence clearly is inconsistent with the reasoned decision-making we require in capital cases." *Booth v. Maryland*, 482 U.S. 496, 508-09, 107 S. Ct. 2529, 2536 (1987) *overruled in part by Payne*, 501 U.S. 808. The parallel between defendant and victim supports prohibiting witnesses from opining on their desired sentence, regardless of their preference. Thus, in light of the foregoing, I will impose the following limitations on Defendant's potential third-party execution impact evidence.

First, Defendant will be permitted, if desired, to present testimony from others about "their affection for [Defendant]," *United States v. Mitchell,* 502 F.3d 931, 991 (9th Cir. 2007), by illuminating some positive quality about Defendant's background or character. Specifically, the witnesses will be permitted to demonstrate that Defendant has "the capacity to be of emotional value to others." *Oregon v. Stevens*, 319 Or. 573, 879 P.2d 162, 168 (Or.1994) (*en banc*).

Second, testimony from Defendant's witnesses as to their own personal views about the death penalty, the victim and victim impact testimony, any evidentiary issues, and "what they [think] the jury's verdict should be," *Mitchell*, 502 F.3d at 991, will be precluded. Specifically, I preclude testimony from Defendant's witnesses as to "any general plea for sympathy or mercy." *Williams*, 18 F.Supp.3d at 1071 (citation omitted). *See also United States v. Caro*, 461 F.Supp.2d 459, 465 (W.D. Va. 2006) ("[A]n express plea for mercy to the jury from a defendant's witness is not mitigating evidence that could aid the jury in their decision making."); *United States v. Fell*, No. 2:01-CR-12-01, 2005 WL 1634067, at *2 (D. Vt. July 5, 2005) ("Evidence introduced solely to elicit jury sympathy towards third parties

impacted by [Defendant's] execution will be precluded.").

Thus, in sum, during the sentence selection phase, Defendant will be entitled to present third-party impact evidence by, for example, "providing testimony about [Defendant's] positive qualities, his capacity to be of emotional value to others and the nature of his interpersonal relationships." *Fell*, 2005 WL 1634067, at *2 (quotations omitted). However, just as victim impact witnesses are not permitted to express a preference for death, execution impact witnesses will not be allowed to express a preference for life. While this testimony will implicitly suggest the preferred sentencing outcome, execution impact witnesses cannot make any express overtures to the jury or conspicuous solicitations for mercy. *See United States v. Taveras*, 584 F. Supp. 2d 535, 539 (E.D.N.Y. 2008) ("The court has a duty to minimize the risk of a verdict impermissibly based on passion, not deliberation.") (citation and internal quotation marks omitted).

Finally, I must note that, as motions *in limine* are advisory, orders *in limine* are advisory as well. *See, e.g., Cline v. United States*, 999 F.2d 539 (6th Cir. 1993) ("A ruling on a motion *in limine* is characterized as an advisory opinion subject to change as events at trial unfold.") (citation omitted). Thus, the parties will be required to make appropriate objections or offers of proof at the proper time during the trial to protect their respective positions. This pertains to execution impact evidence as well as victim impact testimony and Defendant's allocution. I will consider those as they are presented, but I have no way of knowing at this time precisely what their nature and substance will be. There is no doubt that parties understand the body of governing precedent dealing with impact testimony and allocution, and neither the government nor the defense should go beyond the bounds of either the statute or the applicable caselaw.

## II. Conclusion

Based on the above, the government's Motion *in Limine* to Preclude Execution Impact Evidence (Doc. 919) will be denied. Defendant, however, will be ordered to abide by a set of conditions enumerated in this memorandum and the accompanying order.

An appropriate order follows.

April 20, 2017  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge