**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESSIE CON-UI,<br><br>Defendant. | No. 3:13-CR-123<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW,** this 20th day of April, 2017, **IT IS HEREBY ORDERED** that the government's Motion *in Limine* to Preclude Execution Impact Evidence (Doc. 919) s **DENIED.**

The following limitations are hereby placed on Defendant Jessie Con-ui's third-party impact testimony:

1. Defendant will be permitted, if desired, to present testimony from others about "their affection for [Defendant]," *United States v. Mitchell*, 502 F.3d 931, 991 (9th Cir. 2007), by illuminating some positive quality about Defendant's background or character. Specifically, the witnesses will be permitted to demonstrate that Defendant has "the capacity to be of emotional value to others." *Oregon v. Stevens*, 319 Or. 573, 879 P.2d 162, 168 (Or.1994) (en banc).

2. Testimony from Defendant's witnesses as to their own personal views about the death penalty, the victim and victim impact testimony, any evidentiary issues, and "what they [think] the jury's verdict should be," *Mitchell*, 502 F.3d at 991, will be precluded. Specifically, I preclude testimony from Defendant's witnesses as to "any general plea for sympathy or mercy." *Williams*, 18 F.Supp.3d at 1071 (citation omitted). *See also United States v. Caro*, 461 F.Supp.2d 459, 465 (W.D. Va. 2006) ("[A]n express plea for mercy to the jury from a defendant's witness is not mitigating evidence that could aid the jury in their decision making."); *United States v. Fell*, No. 2:01-CR-12-01, 2005 WL 1634067, at *2 (D. Vt. July 5, 2005) ("Evidence introduced solely to elicit jury

sympathy towards third parties impacted by [Defendant's] execution will be precluded.").

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge